## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEMETRIUS STURGIS, | : | |
| *Plaintiff*, | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILAELPHIA, *et al.*, | : | |
| *Defendants*. | : | **No. 23-cv-4409** |

## MEMORANDUM

**KENNEY, J.**                                                                                    **April 11, 2024**

      In his Amended Complaint, Plaintiff Demetrius Sturgis asserts eleven counts against fifteen named defendants.[1]  ECF No. 7.  Nine of those defendants ("Moving Defendants") now move to dismiss all claims against them: Lieutenant Wayne Lyons (the "Lieutenant"); Detective Flynn, Officer Thomas Fitzgerald, and Officer James Balmer (together, the "PPD Defendants"); Sergeant Qadirah Thomas and Sergeant Anthony Black (together, the "Sergeant Defendants"); Correctional Officer Dajauan Saunders and Correctional Officer Barnett (the "CO Defendants"); and the City of Philadelphia (the "City").  ECF No. 24 at 3, 12.  Six counts in Plaintiff's Amended Complaint (Counts I, II, III, VII, IX, and XI)[2] relate to constitutional violations brought pursuant to 42 U.S.C. § 1983; four counts (Counts IV, V, VI, and VIII) are tort claims brought under state law; and one count (Count X) is brought under Pennsylvania's Constitution.  ECF No. 7 at 17-35.

---

[1] Plaintiff also names five "John Doe & Jane Doe" defendants, who are correctional officers that Plaintiff alleges were involved in the incidents described in the Amended Complaint, but whom Plaintiff does not know.  ECF No. 7 ¶ 48.

[2] Plaintiff's Amended Complaint names a "Count XII," but skips Count XI.  *See* ECF No. 7 at 29. Plaintiff acknowledges this in his response brief.  *See* ECF No. 25 at 6 (identifying Count XII as named in the Amended Complaint as Count XI).  The Court will treat this count as Count XI.  The Amended Complaint also mistakenly numbers Count IX as Count XI.  *See id.* at 32.  The Court will treat this count as Count IX.

Plaintiff does not oppose dismissal of all claims against the City, his claim for negligent infliction of emotional distress as pled in Count V, or his gross negligence and negligence claims (Count VIII), but opposes the remainder of Moving Defendants' Motion.  For the reasons detailed below, the Court will grant in part and deny in part Moving Defendants' Motion to Dismiss (ECF No. 24).

## I.    **BACKGROUND AND PROCEDURAL HISTORY**[3]

This action arises out of two incidents involving Plaintiff and the named defendants in this case.  *Id.* ¶¶ 20–77.  The first took place on or about April 21, 2021, when Plaintiff was incarcerated at the Philadelphia Industrial Correction Center ("PICC").  *Id.* ¶ 20.  After Plaintiff had finished serving food trays to other prisoners and had returned to his cell, Plaintiff felt unwell and repeatedly asked Defendant Robert Bruce to call for a sergeant.  *Id.* ¶¶ 22–24.  While waiting for a sergeant to arrive, the Lieutenant appeared at Plaintiff's cell to perform a "wellness check."  *Id.* ¶ 27.  But instead of performing a "wellness check," the Lieutenant pepper-sprayed Plaintiff, falsely claiming that Plaintiff had bitten him.  *Id.* ¶¶ 28, 30.

Plaintiff then ran out of his cell and to the front door of the facility in hopes of finding a sergeant and obtaining medical assistance.  *Id.* ¶¶ 29, 32.  Once he reached the front door, he spoke to another correctional officer, but instead of assisting him, the officer pepper sprayed Plaintiff. *Id.* ¶ 33.  Plaintiff then ran to a water fountain to wash off the pepper spray.  *Id.* ¶¶ 33–34.  As Plaintiff attempted to wash the spray off of his face, multiple correctional officers, including the

---

[3] Consistent with the appropriate motion to dismiss legal standard, *see Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (explaining that on a motion to dismiss, courts must "accept all factual allegations as true" and "construe the complaint in the light most favorable to the plaintiff"), all facts recited herein are those alleged by the Plaintiff in his Amended Complaint, *see* ECF No. 7.

CO Defendants, surrounded him and began fighting him. *Id.* ¶¶ 34–35. One correctional officer throw Plaintiff on the floor. *Id.* ¶ 35. Others, including the CO Defendants, pinned Plaintiff to the ground while beating, kicking, stomping on, spitting at, yelling at, and cursing at him. *Id.* ¶¶ 35, 47, 65. As a result, Plaintiff blacked out and was sent to prison medical, where he was beaten again. *Id.* ¶¶ 38, 40. Plaintiff was finally sent to Jefferson-Torresdale Hospital for five days. *Id.* ¶ 43. Although the Lieutenant reported the incident to the police and was interviewed by Detective Flynn, Flynn did not investigate this matter with anyone other than the Lieutenant or review the videos from the incident. *Id.* ¶¶ 49–51. Once returned to the prison, Plaintiff was placed "in the hole." *Id.* ¶ 52.

The second incident took place on May 10, 2021, when the PPD Defendants arrested Plaintiff on criminal charges for aggravated assault, simple assault, and reckless endangerment of another person without probable cause. *Id.* ¶ 55. Plaintiff further alleges that the PPD Defendants "communicated, conferred, and mutually agreed [with the correctional officer defendants] to fabricate evidence in order to charge and prosecute the Plaintiff without probable cause and/or to cover up the Correctional Officers' excessive force . . . ." *Id.* ¶ 134. Upon his return to prison, Plaintiff alleges that he was harassed. *Id.* ¶ 56. For instance, on July 10, 2022 at approximately 10:50 p.m., a correctional officer slammed Plaintiff's finger in a door. *Id.* ¶¶ 57–58.

On September 13, 2023, Plaintiff instituted this action in the Court of Common Pleas of Philadelphia County, ECF No. 1-1, which Defendants Lyons, Thomas, Black, Saunders, Barnett, Flynn, Fitzgerald, Balmer and the City removed to this Court on November 9, 2023, ECF No. 1-2. On December 11, 2023, Plaintiff filed an Amended Complaint. ECF No. 7. On February 7, 2024, Moving Defendants filed the instant Motion to Dismiss, ECF No. 24, to which Plaintiff responded on February 27, 2024, ECF No. 25.

## II.     <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of the allegations contained in the complaint."  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (internal quotation marks and citation omitted).  A complaint is plausible on its face when the plaintiff pleads a factual contention that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Additionally, courts must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Fowler*, 578 F.3d at 210 (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

A complaint need not establish a prima facie case to survive a motion to dismiss.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 788 (3d Cir. 2016).  Instead, Plaintiffs need only "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element," *Fowler*, 578 F.3d at 213 (citation omitted), and "must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests," *Bayer v. Pocono Med. Ctr.*, No. 3:13-1900, 2014 WL 3670499, at *4 (M.D. Pa. July 23, 2014) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

III.   **DISCUSSION**

Moving Defendants seek to dismiss all claims against them on five grounds.[4]  First, Moving Defendants argue that Plaintiff fails to allege that the Moving Defendants were "personally involved" in the alleged wrongs.  ECF No. 24 at 5–8.  Second, they contend that Plaintiff has not alleged facts sufficient to overcome immunity under the Political Subdivision Tort Claims Act (the "Tort Claims Act"), and, in any case, the Tort Claims Act bars Plaintiff's tort claims.  *Id.* at 8–10.  Third, Moving Defendants argue that Plaintiff's state constitutional law claim under the Tort Claims Act fails as a matter of law.  *Id.* at 10.  Fourth, they argue that Plaintiff's malicious prosecution and false arrest claims should be dismissed as unripe because Plaintiff's underlying criminal proceeding is still pending.  *Id.* at 12.  Finally, they contend that Plaintiff fails to plead sufficient facts, such as those regarding a "policy or custom," that are needed to establish the City's municipal liability under 42 U.S.C. § 1983.  *Id.* at 10–12.

In response, Plaintiff argues that he has alleged specific facts showing Moving Defendants' personal involvement.  ECF No. 25 at 8–10.  He argues that he has pled sufficient facts to show a

---

[4] With just one conclusory sentence that is wedged in the middle of their argument regarding Plaintiff's *Monell* claim, Moving Defendants also argue that Plaintiff "does not allege sufficient facts that make out the constitutional claims of false arrest, malicious prosecution, bystander liability, excessive force, cruel and unusual punishment, or civil conspiracy."  ECF No. 24 at 11. As an initial matter, the Court finds that Plaintiff's false arrest and malicious prosecution claims are unripe (as discussed further below) and will dismiss those claims on that basis.  But Moving Defendants offer zero explanation, rationale, or analysis as to why Plaintiff fails to allege sufficient facts to state claims for bystander liability, excessive force, cruel and unusual punishment, or civil conspiracy.  Because "the Court is not required to consider any undeveloped or conclusory arguments," *Rice v. First Energy Corp.*, 339 F. Supp. 3d 523, 533 (W.D. Pa. 2018), the Court will not address this argument on the merits.  *See Reynolds v. Wagner*, 128 F.3d 166, 178 (3d Cir. 1997) ("[A]n argument consisting of no more than a conclusory assertion (without even a citation to the record) will be deemed waived."); *Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996) (conclusory assertions mentioned in passing without any argument are insufficient and will be deemed waived); *Massie v. U.S. Dep't of Hous. & Urb. Dev.*, No. 06-1004, 2007 WL 184827, at *3 n.5 (W.D. Pa. Jan. 19, 2007) (finding a one-sentence assertion which lacked any substantive or meaningful analysis to be undeveloped and wholly inadequate) (citation omitted).

crime, actual fraud, actual malice, or willful misconduct that defeat the statutory immunity granted by the Tort Claims Act, and that, as a matter of law, the Tort Claims Act does not immunize the Lieutenant, the CO Defendants, or the PPD Defendants from intentional torts.  *Id.* at 8–11.  On the malicious prosecution and false arrest claims, Plaintiff argues that although his criminal case is still pending, he "anticipates that [it] will be determined prior to the conclusion of this action," and that denying the Motion "will help to avoid any potential future motion practice over the two[-]year statute of limitations for malicious prosecution."  *Id.* at 11.

However, Plaintiff does not oppose dismissal of all claims against the City, including his municipal liability claim.  Nor does he oppose dismissal of his negligence state law claims (i.e., the entirety of Count VIII and the negligent infliction of emotional distress claim in Count V).  *Id.* at 1, 11.  The Court will thus grant dismissal of all claims against the City and Plaintiff's negligence claims in Counts VIII and V.

For the reasons detailed below, the Court will also dismiss the malicious prosecution and false arrest claims (Counts VI and VII) as unripe.  The Court also agrees with Moving Defendants that the state constitutional claims (Count X) fail as a matter of law, as Plaintiff seeks only monetary damages, not equitable relief.  The Court will otherwise deny the Motion to Dismiss.

> **A.  Plaintiff has sufficiently alleged facts to show the personal involvement of the CO Defendants, the PPD Defendants, and the Lieutenant, but not the Sergeant Defendants.**

Moving Defendants argue that Plaintiff fails to adequately plead facts showing their personal involvement in the alleged wrongs.  ECF No. 24 at 5–8.  More specifically, Moving Defendants argue that the Amended Complaint only mentions four Defendants by name and instead "groups all of Defendants' alleged conduct together," which therefore "do[es] not sufficiently allege that eight Defendants had personal involvement in the alleged wrongs."  *Id.* at 7.  In response, Plaintiff argues that he has alleged each Moving Defendant's personal involvement,

and that Moving Defendants "ignore crucial paragraphs of the Amended Complaint" that contain specific allegations "tying the individual defendants to the events giving rise to this action." ECF No. 25 at 8–10. For the reasons explained below, the Court finds that Plaintiff's allegations are sufficient to show the personal involvement of the CO Defendants, the PPD Defendants, and the Lieutenant, but not the Sergeant Defendants.

### a.    The CO and PPD Defendants

It is well established that § 1983 claims require that a defendant be "personally involved" in the alleged constitutional deprivations. *See Padilla v. Beard*, No. 1:CV-06-0478, 2006 WL 1410079, at *2 (M.D. Pa. May 18, 2006); *see Riley v. Clark*, No. 4:20-CV-325, 2020 WL 8173093, at *11 (M.D. Pa. Dec. 21, 2020) ("Liability in a § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct."), *report and recommendation adopted*, No. 4:20-CV-00325, 2021 WL 120841 (M.D. Pa. Jan. 13, 2021). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Notably, a civil rights complaint is "adequate" if it states "the conduct, time, place, and persons responsible." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). However, these pleading requirements are "liberal"— "a [plaintiff] does not have to set out in detail the facts upon which a claim is based, but must merely provide a statement sufficient to put the opposing party on notice of the claim." *Blasi v. Borough of Pen Argyl*, No. CIV.A 14-1354, 2015 WL 4486717, at *5 (E.D. Pa. July 23, 2015).

Here, Plaintiff has sufficiently pled the personal involvement of the CO Defendants. Among other things, Plaintiff specifically pleads that as he "was trying to get medical assistance and a sergeant[,] the correctional officers were non-responsive and/or aggressive," ECF No. 7 ¶ 32; that the "Defendant Correctional Officers full on attacked the Plaintiff and . . . assaulted and

battered him," *id.* ¶ 36; and that "the named correctional officer Defendants, among others, all began to assault, batter, kick, stomp on, spit, yell and curse at and otherwise injure the Plaintiff while he was on the floor," *id.* ¶ 47. These statements are specific allegations that the CO Defendants participated in the wrongful conduct at issue. They also meet the particulars of conduct, time, place, and persons responsible: the CO Defendants perpetrated this misconduct on April 21, 2021, at PICC.

Moving Defendants also argue that "Plaintiff pleads the very opposite of the personal involvement of each [CO] Defendant [because he] groups all of Defendants' alleged conduct together." ECF No. 24 at 7. This argument makes no sense. Moving Defendants point to various allegations from the Amended Complaint to make their point—such as, the allegation that "Plaintiff was surrounded by the Defendant Correctional Officers until at least one of them through [*sic*] him on the floor of the Dayroom," *id.* (citing ECF No. 7 ¶ 35), or that "[t]here were at least ten to twelve Defendant Correctional Officers beating and assaulting the Plaintiff . . . ," *id.* (citing ECF No. 7 ¶ 37). But just because Plaintiff "groups" the CO Defendants' conduct together does not mean that Plaintiff failed to adequately plead each CO Defendant's personal involvement. Plaintiff is simply using the plural form of "Defendant." In other words, in pleading that he was "surrounded by the Defendant Correctional Officers," or that the "Defendant Correctional Officers beat[] and assault[ed] the Plaintiff," he is alleging that ***all*** of the named correctional defendant officers, including the CO Defendants, were participating in, or committing, the misconduct. *See* ECF No. 25 at 4 ("It must be noted that ***all of the named Correctional Officer Defendants*** assaulted, battered, beat, punched, kicked, and stomped on the Plaintiff while he was pinned on the floor." (emphasis in original)). Plaintiff has sufficiently pled the personal involvement of the CO Defendants, and the Court will not dismiss claims against the CO Defendants on this basis.

Plaintiff has also sufficiently pled the personal involvement of the PPD Defendants.  As Moving Defendants recognize, *see* ECF No. 24 at 7, Plaintiff alleges in the Amended Complaint that (1) Detective Flynn interviewed the Lieutenant, but "Flynn[] did not investigate the matter with anyone other than [the Lieutenant]" or review the "videos from the incident at the prison," ECF No. 7 ¶¶ 49-51; (2) "[o]n May 10, 2021, Defendants[] Flynn, Fitzgerald[,] and Balmer arrested the Plaintiff on criminal charges for aggravated assault – attempt to cause serious bodily injury, simple assault and recklessly endangering another person" without probable cause, *id.* ¶¶ 55, 84; and (3) the PPD Defendants "communicat[ed], confer[ed], and mutually agree[d] [with the CO Defendants] to fabricate evidence in order to charge and prosecute the Plaintiff without probable cause and/or to cover up the Correctional Officers' excessive force . . . ," *id.* ¶ 134.  These allegations clearly identify the PPD Defendants' participation in the alleged wrongful conduct.

Plaintiff's allegations against the PPD Defendants also meet the pleading requirements of "conduct, time, and place."  Plaintiff makes clear that after the April 21, 2021, incident, Defendant Flynn failed to thoroughly investigate what happened to Plaintiff, and that the PPD Defendants conspired to falsely arrest Plaintiff without probable cause on May 10, 2021.  *See id.* ¶¶ 50, 51, 55, 84, 134.  What Plaintiff has pled is sufficient to provide these defendants with "adequate notice" of the allegations against them such that they can began preparing their defense—and that is all that the "liberal notice pleading requirements" of the Federal Rules of Civil Procedure require. *See Blasi*, 2015 WL 4486717, at *5; *Riddell v. Gordon*, No. 04-1201, 2008 WL 4766952, at *2 (D. Del. Oct. 31, 2008) (explaining that a defendant need only be provided with "adequate notice" of the allegations made against him "so that he can prepare a defense").

### b.   The Lieutenant and the Sergeant Defendants

As for § 1983 claims against supervisors, "a plaintiff may not rely solely on respondeat superior." *Brown v. Haldeman*, No. 1:21-CV-02085, 2023 WL 5434767, at *4 (M.D. Pa. Aug. 23,

2023) (explaining that respondeat superior is "a theory of liability that arises solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm" (citations omitted)).  Instead, "a plaintiff must plead that each [supervisor], through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986) ("[E]ven where a pattern of constitutional violations by subordinates is shown, supervising officials do not violate the constitutional rights of the victims of such misconduct unless they have played an 'affirmative part' in that misconduct." (citation omitted)).  More specifically, a supervisor may be personally liable under § 1983 if he or she "(1) participate[d] in violating the plaintiff's rights; (2) direct[ed] others to violate them; or (3) as the person in charge, kn[e]w of and acquiesce[d] in [a] subordinate's unconstitutional conduct." *Korth v. Hoover*, 190 F. Supp. 3d 394, 404 (M.D. Pa. 2016) (citation omitted).

Here, the Court finds that the Lieutenant's personal involvement is sufficiently detailed. As the Moving Defendants indicate in their own brief, Plaintiff pleads that he was pepper sprayed by the Lieutenant during the alleged April 2021 incident while Plaintiff was incarcerated at the PICC, and that the Lieutenant "falsely claimed that Plaintiff had bitten him."  ECF No. 7 ¶¶ 28, 30, 41.  These allegations suffice to show that the Lieutenant actively participated in the April 2021 incident.

The allegations also satisfy the particularity requirement of "conduct, time, and place." *Evancho*, 423 F.3d at 353.  Plaintiff specifically identifies the wrongful conduct—i.e., that the Lieutenant pepper sprayed Plaintiff and falsely claimed that Plaintiff had bitten him.  Plaintiff also puts the Lieutenant on notice of the relevant time and place:  the April 21, 2021 incident at PICC.

The Court finds that Plaintiff has provided allegations sufficient to detail the Lieutenant's misconduct and will not dismiss the Lieutenant from this case.

However, there are zero allegations in the Amended Complaint about the Sergeant Defendants' personal involvement in either the April or May 2021 incidents. Beyond explaining that they worked for PICC, "acted under color of state law," and "within the course and scope of [their] employment," Plaintiff does not explain how any of the Sergeant Defendants were personally involved in the April or May 2021 incidents. Although "a court can infer that a defendant had contemporaneous knowledge of wrongful conduct from the circumstances surrounding a case," *Chavarriaga*, 806 F.3d at 222, Plaintiff provides no allegations that even allow the Court to infer that the Sergeant Defendants knew anything about the misconduct alleged in the Complaint, let alone acquiesced to it, participated in it, or directed their subordinates to commit it, *see, e.g.*, *Morrison v. Varano*, No. 3:20-CV-0061, 2020 WL 865421, at *2 (M.D. Pa. Feb. 20, 2020) (dismissing suit against two prison supervisors where the plaintiff failed to "allege contemporaneous knowledge of the alleged wrongdoing" or any "personal[] involve[ment] in any of the alleged unconstitutional conduct"). As Plaintiff cannot rely solely on respondeat superior to establish liability, the Court has no choice but to dismiss all claims against the Sergeant Defendants.

Nor does Plaintiff rebut Moving Defendants' argument that the Sergeant Defendants were not personally involved; indeed, none of the Sergeant Defendants are even mentioned in the relevant portion of Plaintiff's response brief. *See generally* ECF No. 25 at 8-10 (identifying allegations showing the personal involvement of the Lieutenant, CO Defendants, and PPD Defendants, but not the Sergeant Defendants). To be sure, Plaintiff does allege that he "requested a sergeant as he was not feeling well" and was pepper sprayed as he was "waiting for a sergeant

to come," ECF No. 7 ¶¶ 24, 27, but that still fails to provide any insight into whether the Sergeant Defendants in particular participated in, directed others to commit, or knew about and acquiesced in the alleged misconduct.  For these reasons, the Court will dismiss all claims against the Sergeant Defendants without prejudice to Plaintiff to replead.

> **B.   Plaintiff alleges sufficient facts to show actual malice and willful misconduct, and the remaining Moving Defendants are not immune from the intentional tort claims pled.**

Moving Defendants also contend that Plaintiff "does not allege any fraud, malice, or willful misconduct[] necessary to defeat the statutory immunity" provided to City employees under the Tort Claims Act.  ECF No. 24 at 7.  Additionally, Moving Defendants argue that Plaintiff's intentional tort claims (Counts IV, V,[5] VI) are barred by the Tort Claims Act.  *See id.* at 8–10.  In response, Plaintiff points to allegations in the Amended Complaint showing malice or willful misconduct, *see* ECF No. 25 at 10, and cites legal authorities to argue that Plaintiff's intentional tort claims are not barred by the Tort Claims Act, *see id.* at 10–11.  As discussed in more detail below, the Court finds Plaintiff's allegations sufficient to show actual malice and willful misconduct and that Plaintiff's intentional tort claims are not barred by the Tort Claims Act.

Here, Plaintiff's allegations demonstrate that the PPD Defendants and the Lieutenant acted with actual malice, and that their misconduct was willful.  Not only does Plaintiff allege that the PPD Defendants "acted with malice consisting of ill will toward the Plaintiff," ECF No. 7 ¶ 113, but Plaintiff also alleges that the PPD Defendants, together with the Lieutenant, "falsely and maliciously charged[] the Plaintiff with drug use, combativeness, biting, and other actions,

---

[5] As noted *supra*, Plaintiff does not oppose dismissal of his negligent infliction of emotional distress claim under Count V.  Accordingly, that claim is dismissed, but Plaintiff's intentional infliction of emotional distress claim remains against the Lieutenant, CO Defendants, and PPD Defendants for the reasons detailed herein.

intentionally causing the Plaintiff to be put in the hole on these charges and to be prosecuted for the same until he was found not guilty," *id.* ¶ 68.  These actions demonstrate both actual malice and willful misconduct.  *See Rowland v. City of Phila.*, No. CIV. A. 97-2143, 1997 WL 677165, at *4 (E.D. Pa. Oct. 28, 1997) (defining actual malice and willful misconduct as "'action taken either with the desire to bring about a particular result or with the awareness that the result which followed was substantially certain to ensue'") (citing *Herman v. Clearfield Cnty*, 836 F. Supp. 1178, 1189 (W.D. Pa. 1993), *aff'd*, 30 F.3d 1486 (3d Cir. 1994)); *Evans v. Phila. Transp. Co.*, 212 A.2d 440, 443 (Pa. 1965) (defining "willful misconduct" to mean that "the actor desired to bring about the result that followed, or at least that he was aware that it was substantially certain to ensue.")).

The same is true for the allegations against the CO Defendants.  As Plaintiff correctly notes, there is an obvious and "unavoidable inference of malicious and willful misconduct inherent in the brutality and viciousness of the Correctional Officers' battery of the Plaintiff, the serious and permanent injuries they caused, and Plaintiff's five-day inpatient hospitalization these defendants necessitated."  *See* ECF No. 25 at 10 (citing ECF No. 7 ¶ 66 ("The assault, battery, beating, punching, stomping, screaming, cursing, and use of force by the correctional officer Defendants was preventable[,] unjustified, unreasonable, unnecessary, malicious, sadistic, and excessive.")); *Capogrosso v. Sup. Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam) (explaining that on a motion to dismiss, a district court must "draw all reasonable inferences in [the plaintiff's] favor").  Accordingly, the Court finds that the allegations in the Amended Complaint sufficiently plead actual malice and/or willful misconduct on the part of the PPD Defendants, the CO Defendants, and the Lieutenant.  *See Suniaga v. Downingtown Area Sch. Dist.*, 504 F. Supp. 3d 430, 456 (E.D. Pa. 2020) (finding the Tort Claims Act "inapposite" where the allegations in the Amended

Complaint "allow the Court to draw a reasonable inference of willful misconduct" and claim "actual malice").

The Court also agrees with Plaintiff that his intentional tort claims are not barred by the Tort Claims Act.  Under that Act, "[a]n employee of a local agency is immune from liability for injuries caused by acts of the employee which are within the scope of the employee's office or duties to the extent that the local agency is immune, ***unless the act complained of constituted a crime, actual fraud, actual malice or willful misconduct***."  *Buker v. Blake*, No. CIV.A. 85-4688, 1986 WL 11440, at *4 (E.D. Pa. Oct. 10, 1986) (citing 42 Pa. C.S.A. § 8542) (emphasis added). The City of Philadelphia is considered a "local agency," *see Staples v. City of Phila.*, No. CV 22-2118, 2023 WL 4440278, at *7 (E.D. Pa. July 10, 2023), and "intentional torts . . . constitute willful misconduct or actual malice within the meaning of § 8542(a)(2)" of the Tort Claims Act, *Gonzalez v. City of Bethlehem*, No. CIV. A. 93-1445, 1993 WL 276977, at *4 (E.D. Pa. July 13, 1993).  Here, all of Plaintiff's intentional tort claims are against several City employees:  the Lieutenant, CO Defendants and the PPD Defendants.  Therefore, Plaintiff's intentional tort claims fall outside of the scope of the immunity granted by the Tort Claims Act.

### C.    Plaintiff's state constitutional claims fail as a matter of law.

Moving Defendants argue that Plaintiff's state constitutional claims (Count X) cannot survive as a matter of law and cite legal authorities in support.  ECF No. 24 at 9.  Plaintiff does not respond to or provide any authority to rebut Defendant's argument.  *See generally* ECF No. 25.  The Court agrees with Moving Defendants and will dismiss Plaintiff's state constitutional law claims.

In Count X, Plaintiff seeks monetary damages "in an amount in excess of $100,000 [per] each [Defendant]" for unreasonable search and seizure and equal protection of the laws under the Pennsylvania Constitution.  ECF No. 7 at 33–34.  But it is well settled that "monetary relief is

barred for claims under the Pennsylvania Constitution"—only "equitable remedies are available." *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 688 (3d Cir. 2011); *see also Balletta v. Spadoni*, 47 A.3d 183, 190 (Pa. Commw. Ct. 2012) ("Appellants' claim could not proceed because neither statute nor case law authorizes an award of monetary damages for a violation of the Pennsylvania Constitution").  Plaintiff does not seek any equitable relief for his state constitutional law claims.  Accordingly, Count X of Plaintiff's Amended Complaint fails as a matter of law and is dismissed.

### D.   Plaintiff's false arrest and malicious prosecution claims are not ripe.

Moving Defendants also seek dismissal of Plaintiff's malicious prosecution and false arrest claims given that Plaintiff's underlying criminal case is still pending. ECF No. 24 at 12.  According to Moving Defendants, this makes Plaintiff's malicious prosecution claim unripe such that Plaintiff cannot establish the lack of probable cause element needed for a false arrest claim.  *Id.*  In his response, Plaintiff concedes that the criminal case is still pending, but argues that it "will be determined prior to the conclusion of this action" and that denying the Motion will avoid procedural hurdles in the future.  *See* ECF No. 25 at 11 ("Denying Defendants' Motion to Dismiss will help to avoid any potential future motion practice over the two[-]year statute of limitations for malicious prosecution by the Defendants.").[6]

---

[6] The Court finds Plaintiff's contention that denying the Motion will "help [] avoid any potential future motion practice over the two[-]year statute of limitations for malicious prosecution," ECF No. 25 at 11, to be meritless.  A "claim for malicious prosecution accrues only upon favorable termination of Plaintiff's criminal proceedings." *Jacobs v. City of Bridgeton*, No. 09-3035 (JBS), 2009 WL 2634661, at *4 (D.N.J. Aug. 25, 2009) (citing *Heck v. Humphrey*, 512 U.S. 477, 489 (1994)).  In other words, "the claim becomes ripe and the statute of limitation[s] to sue on that claim is triggered only on the date of the issuance of a state court order dismissing charges against Plaintiff or upon issuance of a *habeas* writ finding Plaintiff's conviction invalid." *Id.*  Therefore, Plaintiff has two years from the date of the termination of the criminal proceeding to assert a malicious prosecution claim.

Plaintiff raises a malicious prosecution claim under Pennsylvania state law (Count VI) and under the Fourth Amendment pursuant to § 1983 (Count VII).  ECF No. 7 at 28–30.  Both are unripe.  To state a claim for malicious prosecution under either Pennsylvania or federal law, the plaintiff must allege that the underlying criminal action terminated in his favor.  *See Zappala v. Hub Foods, Inc.*, 683 F. Supp. 127, 131 (W.D. Pa. 1988) (explaining that Pennsylvania law "requires that the proceeding alleged to be the misuse of legal process terminate in favor of the defendants before the defendant's claim for [malicious prosecution] is ripe for adjudication" (citing 42 Pa. C.S.A. § 8351)); *Jones v. Gansky*, No. 23-CV-2967, 2023 WL 6881050, at *6 (E.D. Pa. Oct. 17, 2023) ("To state a constitutional malicious prosecution claim, a plaintiff must allege facts establishing that[, among other things,] . . . the criminal proceeding ended in the plaintiff's favor" (citing *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009)).

Here, Plaintiff concedes that the underlying criminal proceeding is still pending.  *See* ECF No. 25 at 11 ("Plaintiff anticipates that the criminal case will be determined prior to the conclusion of this action.").  Accordingly, Plaintiff's malicious prosecution is unripe, and will be dismissed without prejudice.  *See Zappala*, 683 F. Supp. at 131 (dismissing malicious prosecution claim under 42 Pa. C.S. § 8351 for failure to state claim as not ripe because the underlying criminal action "is still pending"); *Talbert v. City of Phila.*, No. 21-4303, 2021 WL 4552390, at *5 (E.D. Pa. Oct. 5, 2021) (dismissing the plaintiff's malicious prosecution claim under § 1983 as "not yet ripe because his underlying criminal case has not been resolved" (citation omitted)).  Plaintiff may re-raise this claim at a later date, if he is indeed found innocent in the criminal proceeding.

Plaintiff's false arrest claim is also unripe.  To state a claim for false arrest, a plaintiff must allege that an arrest was made without probable cause.  *See James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012).  But "[t]he ripeness doctrine prevents adjudication of false arrest . .

. claims when there is a pending state court proceeding because the legitimacy of the claims may depend upon the outcome of the state court proceeding." *LeBlanc v. Cnty. of Lancaster*, No. 09-1685, 2009 WL 3422991, at *4 (E.D. Pa. Oct. 21, 2009) (citation omitted).  Here, although Plaintiff has alleged that he was arrested without probable cause, *see, e.g.*, ECF No. 7 ¶¶ 110, 111, 112, 134, the legitimacy of that claim may depend upon whether the court in the criminal case finds as such. Indeed, "a guilty verdict in Plaintiff's criminal proceeding[] would invalidate Plaintiff's state law claims for false arrest . . . by establishing that probable cause existed for [his May 10, 2021] arrest." *See Randolph-Ali v. Steelton Police Dep't*, No. 1:16-CV-01625, 2016 WL 11270010, at *14 (M.D. Pa. Nov. 3, 2016), *report and recommendation adopted*, No. 1:16-CV-1625, 2017 WL 192157 (M.D. Pa. Jan. 18, 2017) (citation omitted); *see, e.g.*, *Holloway v. Brechtse*, 279 F. Supp. 2d 613, 616 (E.D. Pa. 2003) (dismissing false arrest claim on ripeness grounds because criminal charges against the plaintiff were still pending in state court).  Therefore, Plaintiff's false arrest claim is unripe, and the Court will dismiss it without prejudice.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court will grant in part and deny in part Defendants' Motion to Dismiss and/or Strike Plaintiff's Complaint (ECF No. 24).  The Court will dismiss Plaintiff's gross negligence and negligence claims (Count VIII), the negligent infliction of emotional distress claim (Count V), the malicious prosecution and false arrest claims (Counts VI and VII), the state constitutional claims (Count X), and all claims pled against the Sergeant Defendants and the City without prejudice.  The Motion to Dismiss is otherwise denied.

An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**